**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

MAGDALINA KALINCHEVA, M.D.,

                    Plaintiff,

v.

JESSE NEUBARTH,

                    Defendant.

Civil No. 14-0020 (PJS/JJG)

**REPORT AND
RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge for consideration of Plaintiff's pro se complaint, and her application for leave to proceed in forma pauperis, ("IFP").   For the reasons discussed below, the Court finds that Plaintiff's complaint in this matter is inadequate in several respects.   Therefore, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed.

## I.    BACKGROUND

Plaintiff commenced this action by filing a self-styled civil complaint, (Docket No. 1), and several motions for collateral relief, (Docket Nos. 7-12).   She is attempting to sue a Defendant named Jesse Neubarth, who apparently is her ex-husband.   Although most of Plaintiff's submissions are incomprehensible, the Plaintiff was apparently divorced from Defendant more than twenty years ago, pursuant to a judgment entered in a California state court.   Evidently, Plaintiff has decided that she is dissatisfied with the terms and conditions of her California divorce judgment, and now wants that judgment to be vacated (and perhaps revamped) in federal court.

## II.     DISCUSSION

An IFP application will be denied, and the action will be dismissed, if the IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).   The Court finds that Plaintiff's current complaint is fatally defective for several reasons.

First, the complaint does not describe any grounds for federal subject matter jurisdiction, as required by Fed. R. Civ. P. 8(a)(1).[1]   Plaintiff's submissions include several vague allusions to federal immigration laws, but she has not shown that she is asserting any claim against the named Defendant that is based on any federal law that creates a private right of action.   Therefore, Plaintiff has not shown that subject matter jurisdiction exists under the "federal question" statute, 28 U.S.C. § 1331.   Furthermore, all of Plaintiff's submissions plainly indicate that both of the parties to this action, (Plaintiff and Defendant), are residents of California.   Therefore, federal subject matter jurisdiction cannot exist under the "diversity of citizenship" statute, 28 U.S.C. § 1332.   Because Plaintiff has failed to show any grounds for federal subject matter jurisdiction, this action must be summarily dismissed.   See Fed. R. Civ. P. 12(h)(3) ("[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").   See also Williams v. Rogers, 449 F.2d 513, 518 (8th Cir. 1971) ("where jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action sua sponte"),

---

[1]   Fed. R. Civ. P. 8(a)(1) requires that every civil complaint filed in federal court "must contain... a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support."

cert. denied, 405 U.S. 926 (1972) (citing Louisville and Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)).

Furthermore, Plaintiff's complaint does not set forth a coherent set of factual allegations that could support a cause of action.   While a pro se pleading is to be liberally construed, it still must allege some cogent statement of facts, which if proven true, would entitle the plaintiff to some legal remedy against the named defendant(s), based on some cognizable legal theory.   See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law").   A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face."   Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).   Plaintiff's current complaint does not satisfy this requirement, because it does not adequately describe any specific acts or omissions by the named Defendant that could support any cause of action against him under any cognizable legal theory.

Finally, Plaintiff has not shown that there are any grounds for exercising personal jurisdiction over the named Defendant in this District.   Plaintiff's submissions consistently indicate that Defendant resides in California, and her civil cover sheet confirms that fact.   Furthermore, nothing in Plaintiff's submissions suggests that Defendant has ever conducted any business in Minnesota, engaged in any activity in Minnesota, or established any presence in Minnesota, which could provide any grounds for personal jurisdiction in Minnesota.   For this additional reason Plaintiff's IFP application should be denied, and this action should be dismissed, sua sponte.   See Sanders v. United States, 760 F.2d 869, 871-72 (8th Cir. 1985) (when an IFP applicant's

complaint does not include any allegations supporting personal jurisdiction, the court may properly conclude, <u>sua</u> <u>sponte</u>, that the action should be summarily dismissed); <u>Martin-Trigona v. Smith</u>, 712 F.2d 1421, 1424 (D.C.Cir. 1983) (same).

## III.   CONCLUSION

For all of the reasons cited above, the Court concludes that Plaintiff's complaint fails to state any legally cognizable claim against the named Defendant, which can properly be entertained in the United States District Court for the District of Minnesota. The Court will therefore recommend that Plaintiff's IFP application be denied, and that this action be dismissed.[2]   Having determined that this action must be summarily dismissed, the Court will further recommend that all of Plaintiff's pending collateral motions, (Docket Nos. 7-12), be summarily denied.[3]

---

[2]   The Court notes that Plaintiff has tried to sue Defendant in several other federal courts across the country.   It appears that all of those other cases have been summarily dismissed for the same reasons that the present action must be dismissed.   <u>See</u> <u>e.g.</u> <u>Kalincheva v. Neubarth</u>, No. 2:13-CV-1601 TLN DAD, (E.D.Cal. 2013), 2013 WL 5493407; <u>Kalincheva v. Neubarth</u>, No. CIV.A. 13-40110-TSH, (D.Mass. 2013), 2013 WL 5524815; <u>Kalincheva v. Neubarth</u>, No. 13-CV-789-MMA WVG, (S.D.Cal. 2013), 2013 WL 2445360.   <u>See also</u> <u>Kalincheva v. Neubarth</u>, No. 2:13-CV-00416-PPS, (N.D.Ind. 2013), 2013 WL 6170879 at *2 (noting that "Kalincheva has filed substantially similar pleadings in at least eleven other cases in at least five other jurisdictions") (citations omitted).

[3]   The Clerk has identified Plaintiff's various collateral motions as follows:   "Motion for Permission for Electronic Case Filing and Technical Requirements for CM/ECF," (Docket No. 7); "Motion to Find & Import Potential Husband Tom Smith UK and Her Relatives – Four Families from Bulgaria," (Docket No. 8); "Motion for Car Umbrella Transportation $35,000 Bond Car Fraud Debt Damages and Penalty $5 Billion Per Day Within 24 Hours," (Docket No. 9); "Motion for Official Service of Process In Forma Pauperis," (Docket No. 10); "Motion – Request for Writ of Possession," (Docket No. 11); and "Motion to Set Aside Entire 'Done Deal' Divorce 244725 As Part of Instant Action of I-864 Affidavit of Support Required," (Docket No. 12).

## IV.    RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED that:**

1.     Plaintiff's Application to Proceed <u>In Forma Pauperis</u>, (Docket No. 3), be **DENIED**;

2.     All of Plaintiff's pending motions seeking collateral relief, (Docket Nos. 7-12), be summarily **DENIED**; and

3.     This action be summarily **DISMISSED**.


Dated: January 15, 2014              _s/ *Jeanne J. Graham*_____
                                     JEANNE J. GRAHAM
                                     United States Magistrate Judge


## NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **January 31, 2014**.   A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words.   The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.